John M. Peebles (Cal. Bar No. 237582)
Patrick R. Bergin (Cal. Bar No. 269672)
Michael A. Robinson (Cal. Bar No. 214666)
Tim Hennessy (Cal. Bar No. 233595)
Steven J. Bloxham (Cal. Bar No. 96384)
Curtis Vandermolen (Cal. Bar No. 338366)
PEEBLES KIDDER BERGIN & ROBINSON LLP
2020 L Street, Suite 250
Sacramento, California 95811
Telephone:  (916) 441-2700
Fax:  (916) 441-2067
Email:  jpeebles@ndnlaw.com

*Attorneys for Plaintiff*
BIG SANDY BAND OF WESTERN MONO INDIANS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIG SANDY BAND OF WESTERN MONO INDIANS, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, Governor of the State of California; and the STATE OF CALIFORNIA,<br><br>Defendants. | Case No.: 1:22-cv-00844-BAM<br><br>**AMENDED NOTICE OF RELATED CASES** |

Plaintiff Big Sandy Band of Western Mono Indians ("Big Sandy" or "Tribe") hereby submits this **Amended** Notice of Related Cases pursuant to Eastern District of California Local Rule 123(b).  This action is related to the other actions listed below because this action and the other actions involve similar issues of fact and the same questions of law, and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort because the same result should follow in these actions, and because substantial duplication of labor would

result if the actions were heard by different Judges or Magistrate Judges. E.D. Cal. L.R. 123(a)(3), (4).

Big Sandy's action and the following eleven actions all arise under 25 U.S.C. § 2710(d)(7)(A)(i):

- *Chicken Ranch Rancheria of Me-Wuk Indians et al. v. Newsom*, No. 19-cv-00024-AWI-SKO
- *Soboba Band of Luiseno Indians v. State of California*, No. **20-cv-01147-AWI-SKO**
- *Bishop Paiute Tribe v. Newsom*, No. 20-cv-01318-AWI-SKO
- *Bear River Band of Rohnerville v. State of California*, No. 20-cv-01539-AWI-SKO
- *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. State of California*, No. 20-cv-01585-AWI-SKO
- *Cahuilla Band of Indians v. State of California*, No. 20-cv-01630-AWI-SKO
- *Pit River Tribe v. Newsom*, No. 20-cv-01918-AWI-SKO
- *Redding Rancheria v. State of California*, No. 21-cv-00579-AWI-SKO
- *Pauma Band of Mission Indians v. Newsom*, No. 21-cv-01166-AWI-SKO
- *Augustine Band of Cahuilla Indians v. State of California*, No. 21-cv-01509-AWI-SKO
- *Berry Creek Rancheria of Maidu Indians of California v. State of California*, No. **21-cv-02284-AWI-SKO.**

The actions listed above are all related to one another and are all assigned to Senior District Judge Anthony Ishii and Magistrate Judge Sheila K. Oberto.

In this action and the foregoing actions, plaintiff Indian tribes are suing the State of California and Governor Gavin Newsom (collectively, "California") on the same theory, that California violated the Indian Gaming Regulatory Act ("IGRA") by failing to engage in good faith negotiations to enter into a tribal-state compact governing the conduct of class III gaming activities. Specifically, the plaintiff Indian tribe in each case contends that California failed to negotiate in

good faith for a tribal-state gaming compact by insisting on compact provisions that the plaintiff tribe contends are not proper subjects of negotiation under IGRA because they are not among the enumerated subjects of negotiation, 25 U.S.C. § 2710(d)(3)(C), or because they impose taxes, fees, charges or assessments prohibited under 25 U.S.C. § 2710(d)(4).

California has adopted many of the same positions in in its compact negotiations with Big Sandy that it has taken with the other tribal plaintiffs. Among the points of dispute in common between this action and the others are California's demands for compact provisions that: (1) expand California's control over tribal reservation activities through the use of overbroad compact definitions, to encompass matters that are not directly related to class III gaming, including tribal employment relations, tribal tort liability, and the regulation of food safety and water quality; (2) require an expansive environmental review process before the tribe may commence improvements on land within tribal jurisdiction; (3) mandate tribal negotiation with local government entities and arbitration of issues on which the tribes and local governments cannot agree; and (4) tax tribal gaming revenues in excess of the limited assessment authorized by IGRA.

Accordingly, this action is sufficiently similar to the foregoing cases that assigning these actions to the same judge should effect a substantial savings of judicial effort.

Respectfully submitted,

July 12, 2022           By: s/ John M. Peebles

John M. Peebles
Patrick R. Bergin
Michael A. Robinson
Tim Hennessy
Steven J. Bloxham
Curtis Vandermolen
PEEBLES KIDDER BERGIN & ROBINSON LLP
2020 L Street, Suite 250
Sacramento, California 95811
Telephone: (916) 441-2700
Fax: (916) 441-2067
Email: jpeebles@ndnlaw.com

Attorneys for Plaintiff

AMENDED NOTICE OF RELATED CASES
3