UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG SANDY BAND OF WESTERN MONO INDIANS, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, Governor of the State of California; and the STATE OF CALIFORNIA,<br><br>Defendants. | No.  1:22-cv-00844-ADA-SKO<br><br>ORDER GRANTING PARTIES' STIPULATION FOR FINAL JUDGMENT<br><br>ORDER REQUIRING PARTIES TO PROCEED TO REMEDIAL PROCESS PURSUANT TO 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii)<br><br>(ECF No. 27) |

On July 8, 2022, Plaintiff Big Sandy Band of Western Mono Indians ("Plaintiff") filed a complaint alleging that Defendant State of California has violated the Indian Gaming Regulatory Act ("IGRA") by failing to negotiate with Plaintiff in good faith to enter into a Tribal-State compact governing the conduct of class III gaming activities on the Indian lands within Plaintiff's jurisdiction. (ECF No. 1 at ¶ 9.) Defendant State and Plaintiff have not entered a new Tribal-State compact under 25 U.S.C. § 2710(d)(3), and Defendant State has denied Plaintiff its statutory right under IGRA to engage in negotiations for a Tribal-State compact. (ECF No. 1 at ¶¶ 253, 254.) Absent its requested relief, Plaintiff will be unable to enter a new Tribal-State compact that can be approved by the Secretary prior to the expiration of Plaintiff's 1999 Compact, and Plaintiff must cease gaming at that time or be subject to federal prosecution for violating California and federal

gambling laws.  (*Id.* at ¶ 256.)

The following provides a brief background of the IGRA.  The IGRA allows states to play a role in the regulation of tribal gaming in Indian country through good faith negotiations of Tribal-State compacts with Indian tribes.  (ECF No. 1 at ¶ 20.)  Class III gaming, which is at issue here, is defined as all forms of gaming that are not in class I gaming (social games solely for prizes of minimal value or traditional forms of Indian gaming engaged in by individuals as part of, or in connection with, tribal ceremonies or celebrations) or class II gaming (bingo, including pull tabs, lotto, punch cards, etc.).  25 U.S.C. § 2703(8).  An Indian tribe with jurisdiction over the Indian lands upon which class III gaming activities are being conducted, or are to be conducted, shall request the state to enter negotiations to create a Tribal-State compact governing the conduct of class III gaming activities.  25 U.S.C. § 2710(d)(3)(A).  The Secretary of State is authorized to approve any Tribal-State compact entered between an Indian tribe and a state governing class III gaming on the tribe's Indian lands.  25 U.S.C. § 2710(d)(8)(A).  Without a Tribal-State compact, an Indian tribe that operates class III gaming on its land is subject to federal prosecution for violation of federal and state gambling laws.  (ECF No. 1 at ¶ 46.)

Currently before this Court is the parties' stipulation and proposed order for final judgment requiring the parties to proceed to the remedial process, filed on April 28, 2023.  (ECF No. 27.)  Therein, the parties request that final judgment is granted in Plaintiff's favor on the complaint's second claim for relief: "Failure to Negotiate in Good Faith in Violation of 25 U.S.C. § 2710(d)(3): The State's Demands for Unlawful Compact Provisions."  (ECF No. 1 at ¶¶ 264-70.)  On July 28, 2022, the Ninth Circuit issued a decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022).[1]  There, the Court considered whether the State of California had failed to negotiate in good faith with five California tribes seeking new Tribal-State compacts required by the IGRA for the tribes to conduct class III gaming.  *Id.* at 1041.  The Court held that "IGRA strictly limits the topics that states may include in tribal-state Class III compacts

---

[1] *Chicken Ranch* is a related case to this action.  (*See* ECF No. 6.)  The Court ordered the cases related because this action shares significant legal and factual similarities with several other cases already assigned to the then-assigned District Judge, including *Chicken Ranch*.  (*Id.*)

1  to those directly related to the operation of gaming activities." *Id.* at 1029.  The Court specifically
2  addressed tribal recognition of spousal and child support orders for gaming facility employees,
3  environmental review and mitigation, and broad tort claims covered.  *Id.* at 1037-39.  The Court
4  held that family, environmental, and tort law provisions are not directly related to the operation of
5  gaming activities under 25 U.S.C. § 2710(d)(3)(C)(vii).  *Id.* at 1038.

6        The parties explain that *Chicken Ranch* resolves two of the claims at issue in this litigation:
7  (1) generally, the extent to which 25 U.S.C. § 2710(d)(3)(C)(i)-(vii) limits the permissible scope of
8  compact negotiations; and (2) whether the State's insistence on compact provisions concerning
9  broad tort claims coverage and environmental review and mitigation constituted a failure of the
10  State to negotiate in good faith with Plaintiff.  Therefore, the parties request final judgment in favor
11  of Plaintiff for the second claim of relief and order the parties to proceed pursuant to the remedial
12  process set forth in the IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) ("If . . . the court finds that the
13  State has failed to negotiate in good faith with the Indian tribe to conclude a Tribal-State compact
14  governing the conduct of gaming activities, the court shall order the State and the Indian Tribe to
15  conclude such a compact within a 60-day period.")

16        Upon review of the parties' stipulation, the Court grants the parties' stipulation, ordering
17  that final judgment be granted in favor of Plaintiff's second claim for relief, that the parties proceed
18  pursuant to the remedial process set forth in the IGRA, and that the parties shall bear their own
19  costs and attorney's fees.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Accordingly,

1. The request for final judgment on Plaintiff's second claim for relief is granted, consistent with the Ninth Circuit's decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022);

2. The parties are ordered to proceed pursuant to the remedial process set forth in Indian Gaming Regulatory Act, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii); and

3. The parties shall bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:   June 7, 2023

UNITED STATES DISTRICT JUDGE

4